**YU YING YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–6727–ag.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2006.

Peter D. Lobel, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

■ Yu Ying Yang, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Gabriel Videla's decision denying her applications for asylum, withholding of removal, and relief under the CAT. Yang did not challenge the IJ's denial of CAT relief to the BIA, and therefore this Court will not address it. *See* 8 U.S.C. § 1252(d)(1) (requiring petitioners to exhaust claims before the BIA); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Moreover, she does not challenge it in her brief to this Court, and therefore it should also be deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Where, as here, the BIA issues a short decision affirming and adopting the reasoning of the IJ, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed, unless remand would be futile because we can confidently predict that the agency would reach the same result on remand. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir. 2005).

■ In this case the IJ made several errors in his adverse credibility findings, and hence in his conclusion that Yang had not established that she was forced to abort a pregnancy. Specifically, the IJ relied on a number of inconsistencies in Yang's testimony which, we conclude, were either insignificant or not inconsistencies

at all. These related first to Yang's testimony as to why officials were looking for her in Minhou County. The IJ asserted that Yang originally testified that officials suspected she was pregnant, and that she later inconsistently changed her testimony by saying officials suspected she was living with her boyfriend illegally. The two explanations seem to us compatible, and in any event, her speculation as to the officials' motives is at most a peripheral inconsistency. *See Secaida–Rosales,* 331 F.3d at 308 ("[M]inor discrepancies that do not 'involve the heart of the asylum claim' are not an adequate basis for an adverse credibility finding." (quoting *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002))).

Second, the IJ also relied on what he believed were inconsistencies in Yang's testimony about the business where Yang allegedly worked in Minhou County. We believe that, in finding her testimony inconsistent in this regard, the IJ conflated two distinct tasks: opening up and operating a store, on the one hand, and formally procuring the license so that a store could be opened and operated, on the other. If these tasks are separated, Yang's testimony appears consistent.

Third, the IJ relied on Yang's failure to submit a medical record completed in connection with her pregnancy in the United States. In doing so, the IJ assumed either (1) that at the time Yang was pregnant in late 2003 to mid–2004 in the United States, a physician could have detected physical signs of an abortion performed in China in August 2001, or (2) that Yang would have reported to her American doctor her earlier abortion in China. There is nothing in the record to support either of these assumptions. *See Cao He Lin,* 428 F.3d at 400; *Secaida–Rosales,* 331 F.3d at 307.

The record does contain possible inconsistencies on which the IJ could properly have relied, but they are not of the sort that permit us to be "confident that the agency would reach the same result upon a reconsideration cleansed of errors." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107 (2d Cir.2006). Therefore, remand is appropriate to allow the agency to reconsider the IJ's adverse credibility findings.

Because we conclude that the IJ's eligibility was flawed, we must address the IJ's alternative finding that Yang was not entitled to relief as a matter of discretion. We conclude that the IJ's negative finding constituted an abuse of discretion. The IJ's first reason for his finding—that Yang obtained a "safe haven" in both Singapore and Australia on her way to the United States—was improper. While the regulations once included a provision that could be interpreted as allowing an IJ to make a negative discretionary finding of "safe haven" based on an alien's stay in another country, that regulation was repealed several years before Yang's hearing, and stays in third countries are now relevant only to the analysis of whether an alien was firmly resettled under 8 C.F.R. § 1208.15; the IJ did not address that issue here. *See Tandia v. Gonzales,* 437 F.3d 245, 248–49 (2d Cir.2006). Nor can the fact that Yang used a fraudulent travel document to enter the United States, *by itself,* support the IJ's denial of asylum. *See Matter of Pula,* 19 I. & N. Dec. 467, 473–74, 1987 WL 108948 (BIA 1987). As the IJ did not identify any other negative factors, the negative discretionary finding as a whole cannot be sustained.

For the foregoing reasons, the petition for review is GRANTED as to petitioner's asylum and withholding of removal claims, the decision of the BIA as to those claims is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of

37

removal in this petition is DENIED as moot.